FILED

SEP 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



CARLOS ERNESTO HENRIQUEZ, AKA
Carlos Ernesto Enriquez,

        Petitioner,

  v.

JEFFERSON B. SESSIONS III, Attorney
General,

        Respondent.

Nos.  15-71514
        16-71400
        17-71187

Agency No. A077-079-920

ORDER

Before:  LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Henriquez's petition for panel rehearing is granted. The memorandum disposition filed on March 26, 2018, is withdrawn. A replacement memorandum disposition is being filed concurrently with this order.

Henriquez's petition for rehearing en banc is denied as moot.

No further petitions for rehearing will be entertained in this case.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ERNESTO HENRIQUEZ, AKA Carlos Ernesto Enriquez,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | Nos. 15-71514<br>16-71400<br>17-71187<br><br>Agency No. A077-079-920<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Carlos Ernesto Henriquez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for relief under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT") (No. 15-71514), and the BIA's orders denying his two motions to reopen removal proceedings (Nos. 16-71400 and 17-71187). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), and for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petitions for review.

As to petition No. 15-71514, substantial evidence supports the agency's denial of Henriquez's CAT claim because he failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of El Salvador. *See Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary "state action" for CAT relief); *Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (petitioners' generalized evidence of violence and crime was not particular to petitioners and was insufficient to meet the CAT standard).

As to petition No. 16-71400, in his opening brief, Henriquez fails to challenge the denial of his first motion to reopen. *See Corro-Barragan v. Holder*,

718 F.3d 1174, 1177 n. 5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

Finally, as to petition No. 17-71187, the BIA did not abuse its discretion by denying Henriquez's second motion to reopen as untimely and number-barred where he failed to establish circumstances warranting equitable tolling. *See* 8 C.F.R. § 1003.2(c)(2); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (describing situations where equitable tolling may apply).

**PETITION FOR REVIEW DENIED.**